IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NICOLE L. CROY, et al., | CV 19–77–M–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| RAVALLI COUNTY, et al., | |
| Defendants. | |

  This case challenges a disputed road in Ravalli County.  Nicole Croy and other adjacent property owners (collectively "Croy") sued the County and Board of Commissioners (collectively "County Defendants"), alleging violations of the federal and state constitutions.  They also brought state tort claims against the County Defendants and the private parties involved in building the road.  On July 15, 2020, the Court ruled that the road was constructed on a validly platted public highway and granted the private defendants' motion for summary judgment.  (Doc. 78 at 22–23.)  The Order instructed the parties to brief whether summary judgment is appropriate for the County Defendants on the constitutional claims.  (*Id.* at 23); Fed. R. Civ. P. 56(f)(3).

  Croy's Third Amended Complaint alleges violations of the state and federal rights to procedural and substantive due process (Counts I, II, VI, VII); the state

1

and federal takings clauses (Counts III, VIII); state and federal privacy protections, including the prohibition against unreasonable search and seizure (Counts IV, IX); and the state and federal guarantees of equal protection (Counts V, X). (Doc. 48.) In light of the July 15 Order, Croy concedes the takings claims are no longer viable. (Doc. 80 at 10.) Further, the privacy and search and seizure claims fail because, as Croy implicitly acknowledges, she cannot show a protected property or privacy interest in the public highway. (*Id.* at 9–10.) Croy nonetheless argues that Counts IV and IX should proceed "[b]ecause the County has not contended that the public easement extends beyond the curtilage of the Croy home." (*Id.*) But she has not alleged any intrusion into the curtilage. Indeed, as the July 15 Order recognized, "the record is undisputed that the grading and construction activities occurred entirely within the right of way on the public highway." (Doc. 78 at 22.) Finally, to the extent they are premised on the nonexistence of a public highway, the due process and equal protection claims are also barred by the July 15 Order.

However, Croy's due process and equal protection claims are also based in part on the County Defendants' failure to consider her petition to abandon the public highway. The July 15 Order has no bearing on that issue. Those claims may proceed at this time, though they may be the subject of further motions before the September 25, 2020 motions deadline. (Sched. Or., Doc. 44 at ¶ 1.)

Accordingly, IT IS ORDERED that summary judgment is granted for the County Defendants on Counts III, IV, VIII, and IX.  The surviving claims are Counts I, II, V, VI, VII, and X for due process and equal protection violations based on the County Defendants' failure to consider Croy's abandonment petition and, as provided for in the July 2015 Order, Count XIII for negligence based on the way the road was constructed.

DATED this  13th  day of August, 2020.

                                           11:19 AM
                Donald W. Molloy, District Judge
                United States District Court