IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NICOLE L. CROY, PAULA JOBE a/k/a PAULA KURTZ, JEFFREY D. COLLINS, CAM J. COLLINS, SHAEN D. MCELRAVY, JODY A. MCELRAVY, KAREN M. HAYWARD, RONALD C. HAYWARD, and BRAD MAGRUDER, | CV 19–77–M–DWM |
| Plaintiffs, | OPINION and ORDER |
| vs. | |
| RAVALLI COUNTY and BOARD OF COMMISSIONERS OF RAVALLI COUNTY, | |
| Defendants. | |

This case challenges a disputed road in Ravalli County. Nicole Croy and other adjacent property owners (collectively "Croy") sued the County and Board of Commissioners (collectively the "County"), alleging violations of the federal and state constitutions. They also brought state tort claims against the County and the private parties involved in building the road. On July 15, 2020, the Court ruled that the road was constructed on a validly platted public highway and granted the private defendants' motion for summary judgment. (Doc. 78 at 22–23.) Subsequently, Croy voluntarily dismissed the remaining claims against all the private defendants. (Docs. 83, 87, 98.)

1

On August 13, 2020, the Court ruled that in light of the existence of a valid public roadway, the County was entitled to summary judgment on certain constitutional claims.  (Doc. 85.)  As a result, the only remaining claims "are Counts I, II, V, VI, VII, and X for due process and equal protection violations based on the County Defendants' failure to consider Croy's abandonment petition" and "Count XIII for negligence based on the way the road was constructed."  (*Id.* at 3.)  Trial is currently set for November 16, 2020, and there are three pending motions.  The County seeks summary judgment on the remaining claims, (Doc. 88), and to amend its answer to include an affirmative defense related to the settled parties, (Doc. 99).  Croy seeks evidentiary rulings in anticipation of trial.  (Doc. 91.)  This order addresses Croy's motion.

## ANALYSIS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  While courts have broad discretion in ruling on such motions, they should be granted only when the evidence at issue is "inadmissible on all potential grounds."  *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (internal quotation marks omitted).  "[A] district court may change an *in limine* ruling at trial if facts or circumstances arise to warrant the change."  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

2

Here, Croy seeks to limit or exclude five categories of evidence at trial, all of which are tied to the testimony of one of the County's non-retained experts, John Horat. He is a professional engineer licensed by the State of Montana and currently holds the position of Ravalli County Road and Bridge Department Administrator. (*See* Doc. 92-2 at 3.) He is anticipated to testify "about the duties he performed after being made aware of the work done" on the disputed road, his evaluation of a small portion of the road construction after it was completed, and his conclusion that "the work done was not of the scope or type that would likely have required a County permit." (*Id.*) The County's disclosure also generally states that Horat "may be asked to offer expert testimony regarding road building and road design, and may offer opinion testimony regarding disputes regarding construction or design of particular roads." (*Id.* at 4.) Croy seeks to exclude this testimony on two grounds. First, Croy contends that Horat refused to testify regarding his expert opinion in two separate depositions. Second, Croy argues that the County failed to supplement Horat's disclosure to include a summary of the facts and opinions to which he is expected to testify. Both objections have merit.

## I.    Depositions

Croy initially took Horat's deposition in May 2020. During that deposition, Horat refused to answer questions about his expert opinion concerning road building and design of the road in question. (*See* Doc. 92-7 at 4–5.) Specifically,

3

counsel for the County objected: "he's—he's not appearing today as an expert.

This is not a noticed expert deposition. This is a fact discovery deposition." (Doc.

92-3 at 5–6.) Horat stated that he was not prepared to offer an expert opinion on

the road and would need the County to commission him to do a site inspection and

assessment. (*Id.* at 8–9.)

On June 15, 2020, Croy sent the County her Notice of Rule 30(b)(6)

Deposition, which identified two topics directly addressing expert testimony:

> 21. Expert testimony about the fill amounts/depths, construction and/or
> design of the road built, constructed, and/or graded between Teddy
> Bear Lane and Northview Drive in Stevensville, MT, known as the
> Sunnyside Road, and whether the construction and design of the
> Sunnyside Road meets the current standards and/or best practices for
> constructing or maintaining dirt/gravel roads.
> . . . .
>
> 23. Expert testimony that has or will be provided by any Ravalli
> County employees on any subject relevant in this matter as identified
> in the County Defendants' Expert Disclosures.

(Doc. 92-4 at 12; Doc. 92-5 at 12.) The County designated Horat as a 30(b)(6)

designee, but he again refused at the deposition to answer questions related to his

expert testimony on the grounds that he had not been directed to provide such

testimony by the County and was not prepared to do so. (*See* Doc. 92-6 at 1–5.)

When Croy's counsel pushed the issue, counsel for the County stated "I have told

him not to answer – At the direction of counsel I have [told] him not to respond,

and I'm asking you politely to move on." (*Id.* at 5). Discovery closed on July 31,

4

2020, two weeks after Horat's 30(b)(6) deposition. (*See* Doc. 44 at ¶ 1.)

The County's conduct is concerning for a couple reasons. First, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Notably, this rule is not subject to any special "notice" requirement. Thus, once Horat was disclosed as a non-retained expert on March 6, 2020, (Doc. 92-2 at 3–4), he was subject to deposition regarding his putative expert testimony. It is therefore unclear why he was not prepared to discuss his opinions during his May deposition.

Second, Rule 30(b)(6) requires an organization subject to proper notice to produce a witness who can answer questions about the topics identified in the deposition notice. (*See also* Doc. 44 at ¶ 6 (requiring the parties "meet and confer to identify each person the organization will designate to testify and the topic areas that will be addressed").) In short, "a party cannot simply object to deposition topics and not prepare its designee." *Guinnane v. Dobbins*, 2020 WL 4734897, at *4 (D. Mont. Aug. 14, 2020). "To the contrary, Rule 30(c)(2) indicates that the examination is to proceed subject to objection." *Id.* at *5. While the County could have sought a protective order to challenge the noticed topic areas related to expert opinions, it did not do so. Emails between the parties shows that the County even recognized that it may need to do so. (*See* Doc. 92-9.) At the time of the actual deposition, however, even if the County is correct that "Rule 30(b)(6) is not the

proper method to obtain discovery from an expert witness," (Doc. 93 at 3 (quoting

*Dotson v. Experian Info. Servs., Inc.*, 2019 WL 440588, at \*5 (W.D. Okla. Feb. 4,

2019)), the witness was required to address the noticed topics.

Despite the County's insistence that the parties agreed to take expert

depositions at a later date, (*see* Doc. 93 at 5–6), and that Croy's numerous noticed

topics were a waste of time, (*see* Doc. 92-9 at 1), reasonableness is a two-way

street. Croy was batting 0 for 2 in her attempts to extract deposition testimony on

Horat's expert opinions. It is therefore unsurprising that she decided further efforts

were futile. The County cannot argue in good faith that three depositions of this

one individual are necessary to "to secure the just, speedy, and inexpensive"

resolution of this case. Fed. R. Civ. P. 1. Rule 37(d) allows a court to impose a

range of sanctions for a party's failure to comply with Rule 30(b)(6). *See Pioneer

Drive, LLC v. Nissan Diesel, Am., Inc.*, 262 F.R.D. 552, 559–60 (D. Mont. 2009).

Given the nature of the violation at issue and the imminence of trial, exclusion of

Horat's expert testimony is appropriate.

## II.    Expert Disclosure

Parties are required to make their expert disclosures at the time and in the

manner ordered by the Court. *Goodman v. Staples The Office Superstore, LLC*,

644 F.3d 817, 827 (9th Cir. 2011). If a party fails to properly disclose this

information, the party cannot use the non-disclosed information at trial "unless the

6

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The parties were reminded of this potential sanction in the Scheduling Order, which states: "An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." (Doc. 44 at ¶ 11(c).)

Rule 26(a)(2) provides for disclosures by two types of expert: those retained or specifically employed to give expert testimony in a case, Fed. R. Civ. P. 26(a)(2)(B), and those who are not retained or specially employed, but who nonetheless may provide expert testimony, Fed. R. Civ. P. 26(a)(2)(C). An expert who falls into the second category need only provide disclosures stating both "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705[] and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii). Rule 26(e)(1)(A) then requires supplementation of an expert disclosure if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

As discussed above, Horat was disclosed as a non-retained expert under Rule 26(a)(2)(C). That disclosure provides that "Mr. Horat may be asked to offer expert testimony regarding road building and road design, and may offer opinion

7

testimony regarding disputes regarding construction or design of particular roads."
(Doc. 92-2 at 4.)  But, as argued by Croy, the disclosure does not state a summary
of the facts and opinions of Horat's putative testimony.

While the County insists Croy waived this challenge by failing to raise it
earlier, (*see* Doc. 44 at ¶ 11(c) (requiring objections to the timeliness or sufficiency
of an expert disclosure be filed within 14 days of the disclosure)), the dearth of
information about Horat's opinions has only been compounded by his refusal to
address them in his depositions and weighs against waiver.  Nor can the
deficiencies in Horat's disclosure be remedied at this late stage because "a Rule
26(e) supplement may only be filed to correct inaccuracies or fill in the interstices
of an incomplete report based on information that was not available at the time of
the initial disclosure." *Guinnane v. Dobbins*, 2020 WL 4696809, at *4 (D. Mont.
Aug. 13, 2020) (internal quotation marks omitted).  "Put differently, a party cannot
use untimely supplementation under Rule 26(e) to provide information, reasoning,
or opinions that Rule 26 requires be disclosed in the critical initial disclosure." *Id.*
(internal quotation marks omitted).

Because Horat's expert disclosure is insufficient under Rule 26, it must be
excluded unless the County can show that its failure to comply with the rules was
either substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).  It has made no
attempt to do so.  As a result, Rule 37(c)(1) provides an additional basis to exclude

8

Horat's expert testimony.

## III.    Derivative Topic Areas

Because Horat was the only expert witness disclosed by the County on the issues of standard of care for road construction, road building and design, the engineering of the Sunnyside Road, and property damage arising out of the road construction, testimony in these areas is necessarily excluded as well.

## IV.    Additional Sanctions

In the brief in support of her motion, Croy makes a previously undisclosed request for "monetary sanctions." (*See* Doc. 92 at 9–10.) While such sanctions may be imposed under Rule 37, they are not warranted here. As stated above, reasonableness is a two-way street. Croy's counsel undisputedly sent mixed signals about what matters they intended to pursue and when. (*See, e.g.*, Doc. 92-9 at 1.) And they have managed to take a dispute over 700 feet of road and turn it into hundreds of attorney hours and thousands of pages of discovery. Both parties need to take a long hard look at Rule 1 before appearing for trial on November 16.

### CONCLUSION

IT IS ORDERED that Croy's motion in limine (Doc. 91) is GRANTED.

DATED this __16th__ day of October, 2020.

10:34 A.M.

Donald W. Molloy, District Judge
United States District Court

9